CALIFORNIA SCENTS, aka California Scents, Inc., Plaintiff–Counter–Defendant–Appellant,

v.

SURCO PRODUCTS, INC., aka Doe 1; Magic Mountain Products, aka Doe 2; Odor Control Central, aka Doe 3, Defendants,

Associated Products, Inc., a Pennsylvania Corporation; Ralph J. Simons, Counter–Defendants,

and

Pestco, Inc., a Pennsylvania Corporation dba Pacific Coast; Air–Scent International, a Pennsylvania Corporation, Defendants–Counter–Claimants–Appellees.

No. 00–56763.

D.C. No. CV–99–00009–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 8, 2002.

Before BROWNING, REINHARDT and TALLMAN, Circuit Judges.

## MEMORANDUM *

### OVERVIEW

California Scents appeals the summary judgment in favor of its competitor, Pestco, Inc. ("Pestco"), in a trade dress infringement suit. We have jurisdiction under 28 U.S.C. § 1291, and we reverse. Because the parties are familiar with the factual background, we do not recite the details here.

California Scents seeks trade dress protection for the packaging of its "little can" air freshener in the retail market and claims its dress includes the small aluminum can with a pull-top lid, scratch and sniff labels, bright color scent labels, fragrances named after California cities and sites, and its colorful 18-can display. A plaintiff seeking to recover for infringement of a trade dress under the Lanham Act must prove that its dress is (1) nonfunctional and (2) distinctive and that (3) there is a likelihood that the public would confuse the alleged infringer's trade dress with that of the plaintiff. *See Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 (9th Cir.1998).

The district court held that California Scents's dress was functional and therefore not protectable and awarded summary judgment to Pestco. This Court reviews an award of summary judgment *de*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*novo.* *See* *Kassbaum* *v.* *Steppenwolf* *Prods., Inc.,* 236 F.3d 487, 491 (9th Cir. 2000).

### 1. *Functionality*

■ Product features are functional if they are "essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage." *Qualitex Co. v. Jacobson Prods. Co.,* 514 U.S. 159, 165, 115 S.Ct. 1300, 131 L.Ed.2d 248 (1995). Separable functional features may be protectable when used in combination as nonfunctional trade dress. *See Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837, 842 (9th Cir.1987). Thus, California Scents's trade dress must be examined "as a whole, not by its individual constituent parts." *Clicks Billiards, Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1259 (9th Cir.2001).

We consider four factors in determining whether features of a product are functional: "(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture." *Disc Golf,* 158 F.3d at 1006.

Some components of California Scents's trade dress are utilitarian and therefore cannot be protected. Most prominently, allowing appellant the exclusive use of the "little can" would put competitors at a "significant non-reputation-related disadvantage." The can with a pull-top lid is a generic feature without aesthetic appeal. Companies have sold air fresheners in small cans for decades. California Scents's decision to bring the "little can" to the retail market may have been a shrewd business decision, but it does not allow California Scents to preclude competitors from using aluminum cans of the same size. To do so would amount to giving California Scents a de facto patent. Likewise, California Scents's scratch and sniff feature does not deserve protection. Retail consumers will want to be able to smell the fragrance before buying the air freshener.

The other features of California Scents's trade dress—the labels consisting of a monotone swath of color, the West Coast motif under which California Scents markets its product, and the manner of displaying its wares through an 18–can display—are less functional in nature. More importantly, when used in combination for the purpose of dressing the "little can" with the pull-top lid, these features do not appear to yield a utilitarian advantage. *See Clicks,* 251 F.3d at 1259. Thus, the first factor favors California Scents, at least for the purpose of Pestco's summary judgment motion.

The second factor also favors California Scents for this purpose. Pestco had alternative trade dresses available to it. Even with the same-sized can and scratch and sniff label, it could have created an arbitrary line of names by which to sell its product. There is no reason why air fresheners must have a West Coast motif. Moreover, Pestco could have selected any number of different means of displaying its goods other than the 18–can boxed display used by California Scents.

The third factor, too, favors California Scents for purposes of this appeal. "If a seller advertises the utilitarian advantages of a particular feature, this constitutes strong evidence of functionality." *Disc Golf,* 158 F.3d at 1009 (quoting J.T. McCarthy, McCarthy on Trademarks and Unfair Competition, § 7:74 at 7–152 (4th ed.1998)). The advertising stated that the "three scent pads are biodegradable and

spillproof" and that the can is made of "recyclable aluminum." This does not address the utilitarian advantages of the "little can" or the other features of California Scents's trade dress.

The fourth factor also raises a matter that is subject to genuine dispute. A trade dress may be functional where it "achieves economies in manufacture or use." *Disc Golf,* 158 F.3d at 1009 (quoting *International Jensen, Inc. v. Metrosound U.S.A., Inc.,* 4 F.3d 819, 823 (9th Cir.1993)). The aluminum can with the pull-top lid and scratch and sniff label "achieves economies in manufacture or use" and therefore cannot be protected, but the other trade dress features may be protectable.

We therefore find there is a genuine question of material fact as to whether California Scents's trade dress is functional. Because of this, we must proceed to discuss the other two necessary components for trade dress protection since we could affirm the district court's award of summary judgment on alternative grounds. *See Far West Fed–Bank, S.B. v. Office of Thrift Supervision,* 119 F.3d 1358, 1364 (9th Cir.1997).

### 2. *Distinctiveness*

Trade dress must be distinctive to be protectable. The dress is "distinctive and capable of being protected if it *either* (1) is inherently distinctive *or* (2) has acquired distinctiveness through secondary meaning." *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 769, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992) (emphasis in original).

#### a. *Inherent Distinctiveness*

■ A trade dress is said to be inherently distinctive where it is considered (1) suggestive, (2) arbitrary, or (3) fanciful. *See id.* at 768. Marks are also classified as (4) descriptive or (5) generic. Descriptive marks may acquire distinctiveness through secondary meaning. *See Two Pesos,* 505 U.S. at 769.

Descriptive marks "define qualities or characteristics of a product in a straightforward way that requires no exercise of the imagination to be understood." *Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery,* 150 F.3d 1042, 1047 (9th Cir. 1998). The scratch and sniff feature of California Scents's trade dress informs consumers they are encountering some type of fragrance and is therefore descriptive. Moreover, the name California Scents and the names of the fragrances, such as Pasadena Rose and La Jolla Lemon, describe the product for consumers. Thus, we find that California Scents's trade dress is descriptive and therefore unprotectable absent a showing of secondary meaning.

#### b. *Secondary Meaning*

■ Trade dress acquires secondary meaning when "in the minds of the public, the primary significance of a product feature ... is to identify the source of the product rather than the product itself." *Qualitex,* 514 U.S. at 163 (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 851 n. 11, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982)). Factors courts consider in determining secondary meaning include: (1) whether actual purchasers associate the dress with the source, (2) the degree and manner of advertising by the party seeking protection, (3) the length and manner of use of the dress, and (4) whether the use by the party seeking protection has been exclusive. *See Clamp Mfg. Co. v. Enco Mfg. Co.,* 870 F.2d 512, 517 (9th Cir.1989).

California Scents provided minimal evidence that some actual purchasers may associate its dress with the source. California Scents offered fairly extensive evi-

dence of advertising (three million dollars' worth) associating the dress with its product. California Scents has used its dress since 1993. This is a fairly long time. Five years of exclusive use is prima facie evidence of secondary meaning, and California Scents has raised a genuine issue of material fact as to the exclusivity of its use of this trade dress. *See* 15 U.S.C. § 1052(f).

Other considerations such as sales success and attempts by others to plagiarize the mark also favor finding secondary meaning. *See Clicks,* 251 F.3d at 1266; *Mana Prods., Inc. v. Columbia Cosmetics Mfg.,* 65 F.3d 1063, 1071 (2d Cir.1995). California Scents has achieved a measure of success in the retail air freshener business. While Pestco only admitted to acting out of a "competitive response" to California Scents's name, this is sufficient to suggest recognition of California Scents's market power.

We hold that California Scents has raised a genuine issue of material fact as to whether its trade dress has acquired secondary meaning.

### 3. *Likelihood of Confusion*

■ Likelihood of confusion is considered by examining the "total effect of the defendant's product and package on the eye and mind of an ordinary purchaser." *First Brands Corp. v. Fred Meyer, Inc.,* 809 F.2d 1378, 1383–4 (9th Cir.1987). We consider eight factors when evaluating likelihood of confusion: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Id.* at n. 6.

When analyzing the listed factors, we find that Factor (1) favors Pestco. California Scents's trade dress is descriptive and therefore relatively weak.

Factor (2) favors California Scents. The dresses are similar, especially when consumers do not have the opportunity to conduct a side-by-side comparison of them. *See Sicilia Di R. Biebow & Co. v. Cox,* 732 F.2d 417, 432–33 (5th Cir.1984).

Factor (3) favors California Scents. The two products compete for the same retail customers of air fresheners.

Factor (4) is an important one because "[e]vidence of actual confusion is persuasive proof that future confusion is likely." *Kendall–Jackson,* 150 F.3d at 1048. California Scents provided some but not overwhelming evidence of confusion. This factor weighs slightly in favor of California Scents because evidence of actual confusion is often difficult to obtain.

Because there is no evidence in the record about the marketing channels used by Pestco, we are not in a position to evaluate Factor (5).

Factor (6) favors California Scents. Consumers are not likely to exercise a lot of care when purchasing air fresheners, as they are inexpensive items. *See Beer ·Nuts, Inc. v. Clover Club Foods Co.,* 805 F.2d 920, 928 (10th Cir.1986).

Factor (7) slightly favors California Scents. Pestco acknowledged that it adopted a name based on a "competitive response" to California Scents.

Factor (8) favors Pestco or is neutral. Because California Scents and Pestco are already competing in the same market, we do not find that expansion is a relevant concern for the likelihood of confusion analysis.

We hold that, considering the eight factors as a whole, California Scents has

raised a genuine issue of material fact as to the likelihood of confusion.

## CONCLUSION

Because California Scents provided sufficient evidence to raise a genuine issue of material fact for each of the three factors needed to make a trade dress claim under the Lanham Act, the award of summary judgment in favor of Pestco is reversed. We award costs to appellant California Scents.

REVERSED and REMANDED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.